IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES LAMAR,

                                                      OPINION and ORDER

                Petitioner,

                                                      12-cv-697-jdp[1]

     v.

LIZZIE TEGELS,

                Respondent.

---

       Petitioner Charles Lamar is in custody of the Wisconsin Department of Corrections at the Jackson Correctional Institution, located in Black River Falls, Wisconsin. Petitioner was originally given concurrent sentences on one count of aggravated battery and one count of bail jumping, but after he was allowed to withdraw his plea on the aggravated battery count and come to a new plea agreement on that charge, his new, maximum sentence for aggravated battery was ordered to be served consecutively to the bail jumping sentence. His request for sentence credit on the aggravated battery charge for some of the time he spent serving the original, concurrent sentences was denied.

       Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the state court violated the double jeopardy clause in two ways: (1) by failing to give him sentence credit on the aggravated battery charge for prison time already served on his original, concurrent sentence; and (2) by sentencing him to more than the maximum punishment allowed under the Wisconsin statutes. However, because my review of the state court record shows that petitioner appears to have failed to exhaust the second issue in his

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 10.

appeals to the Wisconsin Court of Appeals and Wisconsin Supreme Court, I conclude that it is appropriate to require the parties to submit supplemental briefing on how to proceed.

## FACTS

The following facts are drawn from the petition and state court records. Petitioner challenges the conviction and sentence that he received in Milwaukee County case no. 06CF1688. Petitioner was originally charged in that case with one count of felony aggravated battery and two counts of misdemeanor bail jumping, all as a habitual offender, for beating his girlfriend. Pursuant to a plea agreement, petitioner pleaded guilty to the aggravated battery charge and one count of misdemeanor bail jumping, both as a habitual offender. On September 15, 2006, Judge Jeffrey A. Conen accepted petitioner's guilty plea and sentenced him to 12 years of initial confinement and five years of extended supervision on the aggravated battery count and one year of initial confinement and one year of extended supervision on the bail jumping count. The sentences were made concurrent with each other and petitioner was granted 177 days of credit (from March 23, 2006—the date of his arrest—to September 15, 2006). Pursuant to the plea agreement, the second count of misdemeanor bail jumping was dismissed.

On March 23, 2007, petitioner completed the initial confinement portion of the bail-jumping charge. In July 2007, petitioner filed a motion to withdraw his plea on the aggravated battery charge, arguing that the court erroneously informed petitioner that the maximum penalty for aggravated battery as a habitual offender was 19 years rather than 21 years. On August 29, 2007, Judge Conen granted the motion. He also reinstated the second, earlier-dismissed, count of bail jumping as a habitual offender.

After further negotiation, petitioner and the state entered into a new plea agreement, under which petitioner pleaded guilty to aggravated battery and the second bail jumping charge (this time, neither of the charges carried the habitual offender enhancement). After taking the plea on November 6, 2007, Judge Conen recused himself and the matter was assigned to Judge Clare Fiorenza for resentencing. On January 3, 2008, Judge Fiorenza sentenced petitioner to the maximum term available, ten years of initial confinement and five years of extended supervision on the aggravated battery charge, and nine months of confinement on the bail jumping charge.[2] These sentences were to be served concurrently to each other but consecutive to the sentence for the first bail jumping charge. Judge Fiorenza granted petitioner 306 days of sentence credit for time spent in confinement between the March 23, 2007 end of initial confinement on the first bail jumping charge and the January 3, 2008 resentencing.[3]

In July 2008, petitioner filed a motion seeking additional sentence credit for time served on the original aggravated battery as a habitual offender charge—the 189-day period from September 15, 2006 (the date of his original sentencing) to March 23, 2007. Judge Fiorenza denied that motion, stating that the lack of credit for this time was proper under Wisconsin sentencing law. Petitioner appealed, arguing that the denial of credit violated both Wisconsin law and the double jeopardy clause. On August 11, 2009, the Wisconsin Court of

---

[2] Petitioner's aggravated battery conviction pursuant to Wis. Stat. § 940.19(5) is a Class E felony carrying a maximum penalty of "a fine not to exceed $50,000 or imprisonment not to exceed 15 years, or both." *See* Wis. Stat. § 939.50(3)(e); *see also* Dkt. 6, Exh. A-1 (petitioner's amended judgment of conviction).

[3] As the Wisconsin Supreme Court points out, the circuit court erred in granting 306 days of sentence credit for this time period, which was only 286 days. However, this miscalculation is irrelevant to the issues in this case.

Appeals affirmed the circuit court's decision. Petitioner's appeal to the Wisconsin Supreme Court was denied in a June 29, 2011 opinion. Petitioner then filed this habeas petition.

ANALYSIS

As stated above, petitioner argues that the state court violated his double jeopardy rights in two ways: (1) by failing to give him sentence credit on the aggravated battery charge for prison time already served on his original, concurrent sentence; and (2) by sentencing him to more than the maximum punishment allowed under the Wisconsin statutes.[4]

However, my review of the state court record shows that petitioner appears to have raised only the first issue in his appeal to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. He did not raise the issue of his sentence exceeding the maximum allowable punishment until his brief-in-chief in this habeas action.[5]

Before a prisoner can seek relief in federal court, he must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted)). To satisfy the doctrine of exhaustion, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one

---

[4] *See, e.g.*, *Faye v. Gray*, 541 F.2d 665, 667 (7th Cir. 1976) ("a failure to credit violates the guarantee against double jeopardy when the pre-sentence time together with the sentence imposed is greater than the statutory maximum penalty for the offense").

[5] In her answer, respondent states that petitioner "has exhausted all available state court remedies with respect to the double jeopardy claim presented," Dkt. 6 at 2, but petitioner had not yet raised his argument that his sentence exceeded the maximum allowable punishment.

complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In addition, the prisoner must present his federal claims in compliance with state procedure. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim.").

Generally, this court cannot entertain a "mixed petition," containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Perruquet*, 390 F.3d at 514. Although the exhaustion defense can be waived and petitioner did not raise the exhaustion issue in her response brief, waiver on this issue occurs only when the state "expressly waives the requirement." 28 U.S.C. § 2254(b)(3). Therefore, I conclude that supplemental briefing on the exhaustion issue is appropriate.

I will give respondent a chance to explain whether she seeks dismissal of petitioner's second claim on exhaustion grounds or expressly waives an exhaustion argument. Petitioner will be given a chance to respond to respondent's position. In doing so, petitioner should explain how he would like this case to proceed if I ultimately determine that his second claim must be dismissed. In that case, petitioner would have the choice to (1) pursue his unexhausted claims in state court; or (2) amend his petition to delete the unexhausted claims and proceed solely on the exhausted claims.

ORDER

IT IS ORDERED that respondent Lizzie Tegels may have until December 8, 2014 to submit a supplemental brief regarding petitioner Charles Lamar's exhaustion of his claim that his sentence for aggravated battery violated his double jeopardy rights by punishing him in excess of the maximum allowable term of incarceration. Petitioner may have until December 22, 2014 to submit his response.

Entered this 24th day of November, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge